UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES T. WALKER,

    *Plaintiff*,

v.

JANE NISHIDA[1],

    *Defendant*.

Civil Action No. 20-235 (TJK)

## MEMORANDUM OPINION AND ORDER

Plaintiff James T. Walker served as a scientist at the Environmental Protection Agency (EPA) until 2017. Believing that his supervisors had discriminated against him, he sued under Title VII of the Civil Rights Act of 1964. Defendant, EPA's acting administrator, moves to dismiss on several grounds, including that Walker has sued in an improper venue, failed to exhaust his administrative remedies, and failed to state a claim. In response to the motion, Walker moved to amend his complaint, and Defendant opposed, arguing that amendment would be futile on the same grounds. For the following reasons, the Court grants the motion in part because venue is improper in this District and transfers the case to the Eastern District of Virginia rather than dismiss it.

**I.    Background**

Walker is an African-American man born in 1946 who worked as a scientist at the EPA's National Center for Environmental Assessment (NCEA) from 1984 until 2017. ECF No. 1 ("Compl.") at 3. Proceeding pro se, he alleges that in his last few years working there he

---

[1] Jane Nishida, the Environmental Protection Agency's acting administrator, is substituted for Andrew Wheeler under Federal Rule of Civil Procedure 25(d).

suffered discrimination and retaliation based on (among other things) his race.  *See* Compl.  He filed his complaint, invoking Title VII as the basis for his claims, in January 2020.  *Id.*  He alleged venue was proper here because "EPA is headquartered in the District of Columbia, EPA does business in the District of Columbia . . . [and] [m]any of the unlawful practices described [herein] occurred in Crystal City, Virginia, which is within the metropolitan area of the District of Columbia."  *Id.* at 3.  Defendant moved to dismiss on several grounds, including that Walker sued in an improper venue.  ECF No. 4.  In response, Walker moved to amend his complaint.  ECF No. 7.  Defendant opposed his amendment as futile.  ECF No. 9.

## II.     Legal Standards

On a Rule 12(b)(3) motion, "the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."[2]  *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (quoting *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)).  A plaintiff has the obligation to bring the action in an appropriate district; thus, she "usually bears the burden of establishing that venue is proper."  *Ellis-Smith v. Secretary of Army*, 793 F. Supp. 2d 173, 175 (D.D.C. 2011) (internal quotation marks and citation omitted).  The court "need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record to determine whether" venue is proper.  *Braun v. Dep't of the Interior*, 288 F. Supp. 3d 293, 298 (D.D.C. 2018) (internal quotation marks and citation omitted).  To prevail on a motion to

---

[2] Given the Court's decision to transfer the case for improper venue, it need only address the standards related to venue.

dismiss, a "defendant must present facts that will defeat the plaintiff's assertion of venue." *Ellis-Smith*, 793 F. Supp. 2d at 175.

Venue in a Title VII case is governed by statute. Such a case may be brought in (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Only if venue is not found under these three prongs is Title VII's fourth, residual prong triggered to find venue in (4) "the judicial district in which the respondent has his principal office." *Id.* When a plaintiff sues in a jurisdiction that does not satisfy any of the four prongs listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper. *Buesgens v. Coates*, 435 F. Supp. 2d 1, 3 (D.D.C. 2006). Under those circumstances, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**III.    Analysis**

Walker has not met his burden of showing that venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3). Starting with the first prong, he never alleges that an "unlawful employment practice" was "committed" in the District of Columbia. 42 U.S.C. § 2000e-5(f)(3). To the contrary, he alleges that at all relevant times he and his supervisors worked in Crystal City, Virginia. ECF No. 7-2 at 2. Defendant, for her part, relies on a declaration from an EPA official confirming that Walker, and the entire Washington Division of the NCEA, moved to Arlington, Virginia, in 2007 and worked there for a decade until the group moved back to the

3

District of Columbia after Walker retired.[3]  ECF No. 4-1 at 5–6.  Walker's argument on this point is two-fold, but neither step satisfies the statute's first prong.  First, he alleges that he and the Washington Division of the NCEA were only temporarily located in Virginia, pointing out that the group maintained a mailing address in the District of Columbia.  ECF No. 7-2 at 2; ECF No. 12 at 1–2.  Second, he argues that as a result, the intended effects of the discriminatory practices at issue were directed at the District of Columbia.  ECF No. 7-2 at 2; ECF No. 12 at 1–2.  But no matter how long Walker and his managers worked in Virginia, or had planned to, in the end Walker does not dispute that at all relevant times they worked in Virginia—not the District of Columbia.  Their stationing there provides no reason for the Court to conclude that Walker suffered discrimination here.  Moreover, because Walker—the person to whom the alleged discrimination was directed—worked in Virginia, there is no factual basis for his allegation that the intended effects of the discriminatory practices were directed at this District, either.

Under the statute's second prong, venue is proper in "the judicial district in which the employment records relevant to such practice are maintained and administered."  42 U.S.C. § 2000e-5(f)(3).  Defendant submits a declaration from another EPA official stating that Walker's employment records are maintained in St. Louis, Missouri, and not in the District of Columbia.  ECF No. 4-1 at 6.  Walker's arguments on this point do not help him meet his burden, either.  He argues that under the statute it is not his employment records that count, but his EEO complaints and related litigation materials.  ECF No. 12 at 3–4.  And, he contends,

---

[3] The EPA official's declaration allows for the possibility that Walker's supervisors permitted him to work at home as an "alternative work location."  ECF No. 4-3 at 2.  But Walker alleges that he lives in Maryland, not the District of Columbia.  ECF No. 1 at 3.

because attorneys in the EPA's Office of General Counsel can access the online database of those materials, *see* ECF No. 4-2 at 1, that makes venue proper under the second prong, ECF No. 12 at 4.  But the venue statute "deals not with administrative processing of the litigation but with the maintenance and administration of *employment* records relevant to the challenged employment practice."  *See Lee v. England*, No. 02-cv-2521 (JR), 2004 WL 764441, *1 (D.D.C. Mar. 9, 2004) (emphasis added).  And in any event, that records are accessible through an electronic database from a district does not mean they are "maintained and administered" there. Walker also argues that because his former supervisors relocated to the District of Columbia after he retired, they must have documents relevant to his claims.  ECF No. 12 at 4.  Maybe so. But that does not mean that his "employment records" are "maintained and administrated" there for venue purposes.

Walker makes no argument under the statute's third prong that he would have worked in the District of Columbia but for the discrimination he allegedly suffered.  And the fourth, residual prong, which permits venue in "the judicial district in which the respondent has his principal office," does not come into play in this case.  That is so because venue is available under the first prong in a judicial district in Virginia, "the State in which the unlawful employment practice is alleged to have been committed."  *See James v. Booz-Allen & Hamilton, Inc.*, 227 F. Supp. 2d 16, 24 (D.D.C.2002) (proceeding to the fourth prong only when "defendant cannot be found in any other districts where venue is appropriate").

Walker advances two other arguments, but neither matters under the statute.  He argues that he has pressed other discrimination cases against the EPA in the District of Columbia.  ECF No. 12 at 4.  But simply because venue was proper in an earlier case (or the EPA conceded the issue) does not make venue proper in this one.  He also alleges that venue is found in this District

because the Equal Employment Opportunity Office here processed and decided his claims. ECF No. 7-2 at 2. But the statute does not provide for venue here for that reason. *Saran v. Harvey*, No. 04-cv-1847 (JDB), 2005 WL 1106347, at *4 (D.D.C. May 9, 2005) ("Although she may have filed her EEOC complaint in Washington, her employment records are not considered 'maintained and administered' at the EEOC office for purposes of determining proper venue.").

What to do now that the Court has concluded that venue in the District of Columbia is improper? Defendant asks that the case be dismissed and not transferred. The decision "rests within the sound discretion of the district court," *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), and depends on "the interest of justice," 28 U.S.C. § 1406(a). This court has further held that "the interest of justice generally requires transfer[ ] . . . in lieu of dismissal." *Ellis-Smith*, 793 F. Supp. 2d at 177 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)); *see also James*, 227 F. Supp. 2d at 20 ("Generally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them."). In particular, transfer is appropriate when: "(a) the running of the applicable statute of limitations would preclude a plaintiff from being heard on the merits; (b) a plaintiff made a reasonable mistake in filing in the wrong district; or (c) substantive issues still remain in dispute." *Beckford v. Esper*, No 18-cv-940 (JEB), 2018 WL 4778930, at *2 (D.D.C. Oct. 3, 2018) (cleaned up).

Here, given how long the case has been pending, the Court is reluctant to dismiss it out of concern that a statute of limitations might well bar refiling. And although Walker has not expressed that concern, it is not one that a pro se plaintiff would likely raise on his own. Moreover, multiple issues remain in dispute, including whether Walker exhausted his administrative remedies and whether either of his complaints has stated a claim. For these reasons, the Court finds that it is in the interest of justice to transfer the case to the Eastern

District of Virginia, a district "in which it could have been brought," 28 U.S.C. § 1406(a), and let the transferee court resolve the remaining disputed matters.

IV. **Conclusion and Order**

For the reasons set forth above, it is hereby **ORDERED** that Defendant's Motion to Dismiss, ECF No. 4, is **GRANTED IN PART**.  Because venue is improper in the District of Columbia, this case shall be **TRANSFERRED** to the Eastern District of Virginia.  It is **FURTHER ORDERED** that the remaining portions of Defendant's Motion, and Plaintiff's Motion for Leave to Amend Complaint, ECF No. 7, shall be **HELD IN ABEYANCE** for resolution by the transferee court.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 18, 2021